UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02252-JWH-KES | Date | January 14, 2026 |
| Title | *Tatiana Zaytseva v. Alejandro Mayorkas, et al.* | | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER TO SHOW CAUSE REGARDING DISMISSAL FOR MOOTNESS**

In October 2024 Plaintiff Tatiana Zaytseva commenced the instant action against Defendants Alejandro Mayorkas, in his official capacity as the Secretary of the Department of Homeland Security; Ur M. Jaddou, in his official capacity as the Director of the United States Citizenship and Immigration Services ("USCIS"); and David M. Radel, in his official capacity as the Director for the Los Angeles Asylum Office. Zaytseva seeks a writ of mandamus ordering Defendants to issue a decision on her pending Form I-589 Application for Asylum and for Withholding of Removal (the "Application").[1]

In April 2025 the parties filed a Joint Stipulation to stay the instant action pending the adjudication of Zaytseva's Application,[2] which this Court granted.[3]

---

[1]   Compl. (the "Complaint") [ECF No. 1].

[2]   Joint Stip. to Stay Case Pending Adjudication of Application (the "Joint Stipulation") [ECF No. 20].

[3]   Order Granting the Joint Stipulation [ECF No. 21].

In December 2025 Defendants filed a notice of mootness.[4] Specifically, in their Notice, Defendants assert that this action is moot because the USCIS has rendered a decision in connection with Zaytseva's Application.[5] Defendants further state that they have conveyed that information to Zaytseva's counsel of record so that Zaytseva may seek the dismissal of this case, but Zaytseva's counsel has not responded.[6]

Federal courts have limited jurisdiction, possessing only the power authorized by Article III of the Constitution and the related statutes that Congress has passed. *See Espinoza v. Union of Am. Physicians & Dentists, AFSCME Loc. 206*, 562 F. Supp. 3d 904, 910 (C.D. Cal. 2022), *aff'd*, 2023 WL 6971456 (9th Cir. Oct. 23, 2023) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Standing is a jurisdictional limitation, and it is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal quotation omitted). A case is moot when either (1) "the issues presented are no longer live"; or (2) the parties lack a "legally cognizable interest in the outcome." *Id.* When a case becomes moot, the court is "required to dismiss it." *Dufresne v. Veneman*, 114 F.3d 952, 954 (9th Cir. 1997).

In her Complaint, Zaytseva asks the Court to issue a writ of mandamus ordering Defendants to issue a ruling on her pending Application.[7] It appears that the USCIS has issued such a ruling.[8] In view of Defendants' representation, the Court believes the issues in the instant case are no longer live and, therefore, that the instant case is moot. *See Geraghty*, 445 U.S. at 396.

For those reasons, the Court, on its own motion, hereby **ORDERS** as follows:

---

[4] Defs.' Notice of Mootness (the "Notice") [ECF No. 22].

[5] *Id.* at 1:3–5.

[6] *Id.* at 1:5–7.

[7] *See generally* Complaint.

[8] *See* Notice 1:3–4.

1. Plaintiff Zaytseva is **ORDERED** to **SHOW CAUSE** in writing no later than January 30, 2026, why this case should not be dismissed as moot.

2. A hearing on this Order to Show Cause is **SET** for February 13, 2026, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California. Counsel for the parties are **DIRECTED** to appear in person at that date and time.

**IT IS SO ORDERED.**